IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **INTERNATIONAL PAPER COMPANY,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 08-0304-KD-C |
| ) | |
| **MARK A. BELOTE,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the court on *sua sponte* consideration of its subject matter jurisdiction. Plaintiff International Paper Company brings a cause of action against defendant Mark A. Belote pursuant to 29 U.S.C. § 1001, et seq, the Employee Retirement Income Security Act (ERISA) and 28 U.S.C. §§ 2201, 2202, the Declaratory Judgment Act, and state law claims on basis of diversity jurisdiction for unjust enrichment and breach of contract (doc. 3). IP has now filed a motion for summary judgment (doc. 27).

Section 1132 of ERISA, entitled, "Civil enforcement", sets forth in relevant part, as follows:

(a) Persons empowered to bring a civil action.

 A civil action may be brought-

    (1) by a participant or beneficiary-

    (A) for the relief provided for in subsection (c) of this section, or

    (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
...

    (3) by a participant, beneficiary, or fiduciary

        (A) to enjoin any act or practice which violates any provision of this

>>subchapter or the terms of the plan, or
>
>>(B) to obtain other appropriate equitable relief
>
>>>(i) to redress such violations or
>
>>>(ii) to enforce any provisions of this subchapter or the terms of the plan;....

29 U.S.C. § 1132(a).

Upon consideration of the motion, the court became aware that IP has not identified itself as a participant, beneficiary or fiduciary under the relevant ERISA plan, but instead refers to itself as Belote's employer or the payor. The persons entitled to bring suit under ERISA to enforce the remedies therein are identified as a plan "participant, beneficiary or fiduciary" See 29 U.S.C. § 1132(a)(3); Hobbs v. Blue Cross Blue Shield of Alabama, 276 F 3d 1236, 1240 (11th Cir. 2001) ("The only parties that have standing to sue under ERISA are those listed in the civil enforcement provision of ERISA, codified at 29 U.S.C. § 1132(a)").

It does not appear feasible that IP could be a participant[1] or beneficiary,[2] as defined in Act. Thus the question appears to be whether IP is a "fiduciary" with statutory standing to bring this action. See Blue Cross & Blue Shield of Alabama v. Sanders, 138 F. 3d 1347, 1352-1354 (11th Cir. 1998) ("Under the reasoning of [Bell v. Hood, 327 U.S. 678, 66 S. Ct. 773 (1946)] and its progeny, federal subject matter jurisdiction exists in this case as long as Blue Cross plausibly is a 'fiduciary,' see 29 U.S.C. § 1132(a)(3), seeking 'equitable relief,' see 29 U.S.C. §

---

[1] "The term 'participant' means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).

[2] "The term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

1132(a)(3)(B).  Blue Cross plainly satisfied both the 'fiduciary' and 'equitable relief' elements of this inquiry.") (footnotes omitted)

If IP brought this suit in its capacity as a "fiduciary", then it may have standing under the statute.  See Barnes v. Lacy, 927 F.2d 539, 544 (11th Cir. 1991) ("However, when employers choose to wear two hats, i.e., act as both employer and plan administrator, ERISA fiduciary duties regarding plan administration attach. Yet, employers who act as plan administrators assume fiduciary status only when and to the extent that they function in their capacity as plan administrators, not when they conduct business that is not regulated by ERISA." (internal citations and quotations omitted).  However, the court is without sufficient information to determine whether IP is a fiduciary.

Accordingly, IP is **ORDERED** to provide this court on or before **April 3, 2009** with additional briefing as to whether IP is a fiduciary, participant or beneficiary such that it has standing to bring this cause of action under ERISA.  Additionally, because IP has raised two state law causes of action - unjust enrichment and breach of contract - which are based upon the same set of facts giving rise to the action under ERISA and thus appear to "relate to any employee benefit plan" 29 U.S.C. § 1144(a), IP is **ORDERED** on or before **April 3, 2009** to provide this court with additional briefing as to whether these state law causes of action are preempted by ERISA.  See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 53-56, 107 S.Ct. 1549 (1987);  Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63, 107 S.Ct. 1542 (1987).

**DONE** and **ORDERED** this 24th day of March, 2009.

    s / Kristi K DuBose  
    **KRISTI K. DuBOSE**  
    **UNITED STATES DISTRICT JUDGE**